THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE CHURCH TRIUMPHANT OF PASADENA, INC./THE PENTECOSTALS OF PASADENA/THE UNITED PENTECOSTAL CHURCH OF PASADENA, INC., <br><br> *Plaintiff,* <br><br> vs. <br><br> ARCH SPECIALTY INSURANCE COMPANY, <br><br> *Defendant*. | § § § § § § § § § § § § § § § § CIVIL ACTION NO. 4:20-cv-01638 |

## DEFENDANT ARCH SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Arch Specialty Insurance Company ("Arch"), hereby removes the action styled and numbered *The Church Triumphant of Pasadena Church, Inc./The Pentecostals of Pasadena/The United Pentecostal Church of Pasadena, Inc. v. Arch Specialty Ins. Co.*, Cause No. 2020-22898, pending in the 80th District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### I.   THE STATE COURT ACTION

1. On April 13, 2020, Plaintiff The Church Triumphant of Pasadena Church, Inc./The Pentecostals of Pasadena/The United Pentecostal Church of Pasadena, Inc. ("Plaintiff") filed its Original Petition in the 80th District Court of Harris County, Texas—Cause No. 2020-22898

against Arch. Plaintiff requested a jury trial.[1]

## II. DEFENDANT ARCH'S REMOVAL IS TIMELY

2. Arch was served with the Original Petition and citation on April 17, 2020 by delivery through its registered agent for service of process, Corporation Service Company. Accordingly, Arch files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

## III. VENUE IS PROPER

3. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. §§ 124(d)(3) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

## IV. BASIS FOR REMOVAL

4. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Arch, and the amount in controversy exceeds $75,000 excluding interest and costs.

5. Plaintiff was at the time this lawsuit was filed, and at the date of this Notice remains, organized under the laws of the State of Texas with its principal place of business in Pasadena, Texas. Thus, Plaintiff is a citizen of the State of Texas.

6. Arch was at the time this lawsuit was filed, and at the date of this Notice remains, a foreign corporation organized under the laws of Missouri, with its principal place of business in New Jersey. Thus, Arch is a citizen of Missouri and New Jersey for purposes of diversity jurisdiction.

---

[1] *See* Plaintiff's Original Petition, attached as ***Exhibit C***.

7. Accordingly, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Arch.

## V. AMOUNT IN CONTROVERSY

8. If it is facially apparent that Plaintiff's claims exceed the jurisdictional amount, Arch's burden is satisfied.[2]

9. When removal is premised upon diversity jurisdiction and the parties' dispute whether the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a), courts must determine the amount in controversy in light of" the claims in the state court petition as they existed at the time of removal."[3]

10. The district court must first examine the petition to determine whether it is "facially apparent" that the claims exceed the minimum jurisdictional requirement. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.[4] Courts have considered pre-suit demand letters as such evidence in determining whether defendants have met the preponderance burden.[5]

11. Plaintiff seeks monetary relief of over $1,000,000.[6]

12. Thus, Plaintiff's claims exceed the minimum jurisdictional requirement of $75,000.00. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

---

[2] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[3] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[4] *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[5] *See Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 910–12 (5th Cir. 2002) (per curiam); *Greenberg*, 134 F.3d at 1254-55; *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Molina v. Wal–Mart Stores Tex., L.P.*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008).

[6] *See Plaintiff's Original Petition, attached as* **Exhibit C**.

## VI.   COMPLIANCE WITH 28 U.S.C. § 1446

13. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be promptly filed with the clerk of 80th District Court of Harris County, Texas.

14. All pleadings, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

15. In compliance with Local Rule 81, the following documents are attached:

   A. Index of Matters Being Filed with Notice of Removal—identified as Exhibit A;

   B. All executed process in the case—identified as Exhibit B;

   C. Plaintiff's Original Petition—identified as Exhibit C;

   D. a copy of the docket sheet in the state court action—identified as Exhibit D;

   E. A list of all counsel of record, including addresses, telephone numbers and parties represented—identified as Exhibit E.

## VII.   JURY DEMAND

Plaintiff demanded a jury trial in its Original Petition.

## VIII.   CONCLUSION

WHEREFORE, Defendant Arch Specialty Insurance Company requests that this action be removed from the 80th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Kristin C. Cummings*
Kristin C. Cummings
Texas Bar No. 24049828
Federal ID No. 719639
kcummings@zelle.com

>
> **ZELLE LLP**
> 901 Main Street, Suite 4000
> Dallas, TX 75202-3975
> Telephone: (214) 742-3000
> Facsimile: (214) 760-8994
>
> **ATTORNEY-IN-CHARGE FOR DEFENDANT ARCH SPECIALTY INSURANCE COMPANY**

**OF COUNSEL:**

Han N. "Hanna" Kim
Texas Bar No. 24100926
Federal ID No. 3321437
hkim@zelle.com
**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone: (214) 742-3000
Facsimile: (214) 760-8994

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served this 11th day of May, 2020, in accordance with the Federal Rules of Civil Procedure, by electronic filing as follows:

> Matthew R. Pearson
> Texas Bar No. 00788173
> mpearson@pearsonlegalpc.com
> Mary A. Notsetine
> Texas Bar No. 24075515
> mnotestine@pearsonlegalpc.com
> Pearson Legal PC
> 425 Soledad, Suite 600
> San Antonio, Texas 78205
> Telephone: (210) 732-7766
> Facsimile: (210) 229-9277
>
> **ATTORNEYS FOR PLAINTIFF**

                               */s/ Kristin C. Cummings*
                                   Kristin C. Cummings