EXHIBIT B

Case 4:20-cv-01638 Document 1-3 Filed on 05/11/20 in TXSD Page 2 of 12

4/13/2020 11:00 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42258365
By: Brianna Denmon
Filed: 4/13/2020 11:00 AM

2020-22898 / Court: 080

CAUSE NO. _____

| | | |
|---|---|---|
| THE CHURCH TRIUMPHANT OF PASADENA, INC/THE PENTECOSTALS OF PASADENA/THE UNITED PENTECOSTAL CHURCH OF PASADENA, INC, | § § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | ____ JUDICIAL DISTRICT |
| ARCH INSURANCE COMPANY, Defendant. | § § § § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, THE CHURCH TRIUMPHANT OF PASADENA, INC/THE PENTECOSTALS OF PASADENA/THE UNITED PENTECOSTAL CHURCH OF PASADENA, INC ("Plaintiff" or "Church Triumphant of Pasadena"), files this Original Petition against Defendant, ARCH INSURANCE COMPANY ("ARCH" or "Insurance Defendant"), and for causes of action would respectfully show the Court the following:

### I. DISCOVERY LEVEL

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3.

### II. VENUE

Venue is appropriate in HARRIS County, Texas because all or part of the conduct giving rise to the causes of action were committed in HARRIS County, Texas and Plaintiff and property which is the subject of this suit are located in HARRIS County, Texas.

## III. PARTIES

Plaintiff THE CHURCH TRIUMPHANT OF PASADENA, INC /THE PENTECOSTALS OF PASADENA/THE UNITED PENTECOSTAL CHURCH OF PASADENA, INC owns the property made subject of this suit which is located in HARRIS County, Texas.

Insurance Defendant is in the business of insurance in the State of Texas. The insurance business done by Insurance Defendant in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with Plaintiff;

- The taking or receiving of application for insurance, including Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including Plaintiff.

Defendant, ARCH INSURANCE COMPANY, is a fire and casualty insurer doing business in the State of Texas licensed with the Texas Department of Insurance. Accordingly, Defendant may be served with process by serving its Registered Agent for Service: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. ***Plaintiff requests that citation be issued and that service be made by certified mail, return receipt requested.***

## IV. NATURE OF THE CASE; RELIEF SOUGHT

This is a first-party insurance case stemming from extensive damage to Plaintiff's property from Hurricane Harvey in August 2017. Plaintiff seeks damages for breach of contract, violations of the Texas Insurance Code, and common law bad faith. Plaintiff also seeks their attorney's fees, compensatory damages, enhanced damages, costs of court and pre- and post-judgment interest. As

2

required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000.

## V. BACKGROUND FACTS

Plaintiff owns property located at 1030 Strawberry Road, Pasadena, Texas 77506. The property is covered by a policy of insurance, Policy No. NRPKG0004201. The Policy covered Plaintiff's property against loss by wind and water damage, among other perils.

As a consequence of Hurricane Harvey, Plaintiff's property sustained extensive damage on or about August 2017.

Plaintiff has performed all conditions precedent to their recovery under the Policy.

Plaintiff gave timely notice to the Insurance Defendant.

The Insurance Defendant assigned the claim to adjusters to investigate, report on and adjust the loss.

Plaintiff provided information to the adjusters and opportunities for the adjusters to inspect the properties.

The Insurance Defendant has failed and refused to pay Plaintiff in accordance with their promises under the Policy and have wrongfully denied Plaintiff's claim. In addition, Insurance Defendant violated the Prompt Payment of Claims Act, Texas Ins. Code § 542.55 *et. seq.*

## VI. CLAIMS AGAINST INSURANCE DEFENDANT

**<u>Declaratory Judgment.</u>** Plaintiff re-alleges the foregoing paragraphs. Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that the Policy provide coverage for the cost to repair the damaged properties and personal property, less only a deductible, among other things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against Insurance Defendant.

**Breach of Contract.** Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of Insurance Defendant and its agents constitute a breach and/or anticipatory breach of Insurance Defendant's contract with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, Plaintiff brings an action for breach of contract against Defendant pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seeks all of its damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

**Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, the Insurance Defendant was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the Insurance Defendant and its agents constitute one or more violations of the Texas Insurance Code. More specifically, Insurance Defendant has, among other violations, violated the following provisions of the Code:

1. Insurance Code chapter 542, the Prompt Payment Act.
2. Insurance Code § 541.060:

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear; and
- refusing to pay Plaintiff's claim without conducting a reasonable investigation.

Where statements were made by Insurance Defendant, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code. Insurance Defendant has also violated the Prompt Payment Act, and Plaintiff

4

seeks damages as a penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

"**Common Law Bad Faith.**" Plaintiff re-alleges the foregoing paragraphs. Insurance Defendant has refused to pay or delayed in paying a claim after liability has become reasonably clear. Insurance Defendant has refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims submitted by Plaintiff. This constitutes a breach of its common law duty of good faith and fair dealing' *i.e.*, it is acting in "bad faith."

Moreover, Insurance Defendant has "investigated" and "adjusted" Plaintiff's claim in a malicious, intentional, fraudulent and/or grossly negligent fashion, and Plaintiff is entitled to extra-contractual damages, including exemplary damages. Plaintiff has sustained serious damage to their property as a result of Insurance Defendant's refusal to honor the Policy. Insurance Defendant is well aware that its actions involve an extreme risk that Plaintiff will suffer financial damage as a result of its refusal to honor its obligations, yet it is consciously indifferent to Plaintiff's rights. Plaintiff is entitled to recover its actual damages, consequential damages, punitive damages, and pre- and post-judgment interest.

**Attorney's fees.** Plaintiff re-alleges the foregoing paragraphs. Plaintiff has been required to engage the services of the undersigned attorneys and has agreed to pay its attorneys a reasonable fee for services expended and to be expended in the prosecution of its claims against Insurance Defendant through the trial court and all levels of the appellate process. Plaintiff seeks the recovery of all of its attorney's fees and expenses.

With respect to all causes of action asserted herein, Plaintiff seeks the recovery of prejudgment and post-judgment interest.

5

## VII. CONDITIONS PRECEDENT

All conditions precedent for Plaintiff to recover under the Policy has been or will be met.

## VIII. JURY DEMAND

Plaintiff requests that a jury be convened to try the factual issues in this action.

## IX. REQUEST FOR DISCLOSURE TO INSURANCE DEFENDANT

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that Insurance Defendant provide the information required in a Request for Disclosure.

## X. REQUESTS FOR PRODUCTION TO INSURANCE DEFENDANT

Produce the complete claim file for Plaintiff's property relating to or arising out of the loss made the basis of this suit.

Produce the complete underwriting file for Plaintiff's property which is the subject of this suit.

Produce all emails, notes, and other forms of communication between Defendant, its agents, adjusters, employees, or representatives relating to, mentioning, concerning or evidencing Plaintiff's property which is the subject of this suit.

Produce the application for insurance and any notes, logs, statements or inspections created or produced during the application process of the Policy at issue in this suit.

## XI. PRAYER

WHEREFORE, Plaintiff seeks the following relief:

A. The Court's declaration that the Policy provides coverage for the damage to the property, less only a deductible;

B. Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C. Damages against Insurance Defendant for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses, enhanced damages and costs of court;

D. Damages against Insurance Defendant for violations of the Texas Insurance Code, including without limitation economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

E. Damages against Insurance Defendant, for common law breach of the duty of good faith and fair dealing, including actual damages, consequential damages, exemplary damages and pre- and post-judgment interest;

F. Damages for violations of the Prompt Payment Act; and

G. Plaintiff also seeks all other financial relief and rulings to which it may be legally or equitably entitled.

Respectfully submitted,

*/s/ Matthew R. Pearson*

MATTHEW R. PEARSON
State Bar No. 00788173
mpearson@pearsonlegalpc.com
MARY ANN NOTESTINE
State Bar No. 24075515
mnotestine@pearsonlegalpc.com
PEARSON LEGAL PC
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 732-7766
Facsimile: (210) 229-9277

**ATTORNEYS FOR PLAINTIFF**

Case 4:20-cv-01638 Document 1-3 Filed on 05/11/20 in TXSD Page 9 of 12

4/13/2020 11:00:43 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 42258365
By: DENMON, BRIANNA J
Filed: 4/13/2020 11:00:43 AM

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER (FOR CLERK USE ONLY): **2020-22898 / Court: 080**   COURT (FOR CLERK USE ONLY): _____

STYLED: THE CHURCH TRIUMPHANT OF PASADENA, INC/THE PENTECOSTALS OF PASADENA/THE UNITED v. ARCH INSURANC
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: Matthew R. Pearson | Email: mpearson@pearsonlegalpc.com | Plaintiff(s)/Petitioner(s): THE CHURCH TRIUMPHANT OF PASADENA, INC/THE PENTECOST | [X] Attorney for Plaintiff/Petitioner<br>[ ] Pro Se Plaintiff/Petitioner<br>[ ] Title IV-D Agency<br>[ ] Other: |
| Address: 425 Soledad, Suite 600 | Telephone: 210-732-7766 | | Additional Parties in Child Support Case: |
| City/State/Zip: San Antonio, Texas 78205 | Fax: 210-229-9277 | Defendant(s)/Respondent(s): ARCH INSURANCE COMPANY | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature: /s/ | State Bar No: 00788173 | [Attach additional page as necessary to list all parties] | Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| **Debt/Contract**<br>[ ] Consumer/DTPA<br>[ ] Debt/Contract<br>[ ] Fraud/Misrepresentation<br>[ ] Other Debt/Contract:<br><br>**Foreclosure**<br>[ ] Home Equity—Expedited<br>[ ] Other Foreclosure<br>[ ] Franchise<br>[X] Insurance<br>[ ] Landlord/Tenant<br>[ ] Non-Competition<br>[ ] Partnership<br>[ ] Other Contract: | [ ] Assault/Battery<br>[ ] Construction<br>[ ] Defamation<br>**Malpractice**<br>[ ] Accounting<br>[ ] Legal<br>[ ] Medical<br>[ ] Other Professional Liability:<br><br>[ ] Motor Vehicle Accident<br>[ ] Premises<br>**Product Liability**<br>[ ] Asbestos/Silica<br>[ ] Other Product Liability List Product:<br><br>[ ] Other Injury or Damage: | [ ] Eminent Domain/ Condemnation<br>[ ] Partition<br>[ ] Quiet Title<br>[ ] Trespass to Try Title<br>[ ] Other Property:<br><br>**Related to Criminal Matters**<br>[ ] Expunction<br>[ ] Judgment Nisi<br>[ ] Non-Disclosure<br>[ ] Seizure/Forfeiture<br>[ ] Writ of Habeas Corpus— Pre-indictment<br>[ ] Other: | [ ] Annulment<br>[ ] Declare Marriage Void<br>**Divorce**<br>[ ] With Children<br>[ ] No Children<br><br>**Other Family Law**<br>[ ] Enforce Foreign Judgment<br>[ ] Habeas Corpus<br>[ ] Name Change<br>[ ] Protective Order<br>[ ] Removal of Disabilities of Minority<br>[ ] Other: | [ ] Enforcement<br>[ ] Modification—Custody<br>[ ] Modification—Other<br>**Title IV-D**<br>[ ] Enforcement/Modification<br>[ ] Paternity<br>[ ] Reciprocals (UIFSA)<br>[ ] Support Order<br><br>**Parent-Child Relationship**<br>[ ] Adoption/Adoption with Termination<br>[ ] Child Protection<br>[ ] Child Support<br>[ ] Custody or Visitation<br>[ ] Gestational Parenting<br>[ ] Grandparent Access<br>[ ] Parentage/Paternity<br>[ ] Termination of Parental Rights<br>[ ] Other Parent-Child: |
| **Employment**<br>[ ] Discrimination<br>[ ] Retaliation<br>[ ] Termination<br>[ ] Workers' Compensation<br>[ ] Other Employment: | **Other Civil**<br>[ ] Administrative Appeal<br>[ ] Antitrust/Unfair Competition<br>[ ] Code Violations<br>[ ] Foreign Judgment<br>[ ] Intellectual Property | [ ] Lawyer Discipline<br>[ ] Perpetuate Testimony<br>[ ] Securities/Stock<br>[ ] Tortious Interference<br>[ ] Other: | | |

| Tax | Probate & Mental Health |
|---|---|
| [ ] Tax Appraisal<br>[ ] Tax Delinquency<br>[ ] Other Tax | **Probate/Wills/Intestate Administration**<br>[ ] Dependent Administration<br>[ ] Independent Administration<br>[ ] Other Estate Proceedings<br><br>[ ] Guardianship—Adult<br>[ ] Guardianship—Minor<br>[ ] Mental Health<br>[ ] Other: |

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

[ ] Appeal from Municipal or Justice Court   [ ] Declaratory Judgment   [ ] Prejudgment Remedy
[ ] Arbitration-related                      [ ] Garnishment            [ ] Protective Order
[ ] Attachment                               [ ] Interpleader           [ ] Receiver
[ ] Bill of Review                           [ ] License                [ ] Sequestration
[ ] Certiorari                               [ ] Mandamus               [ ] Temporary Restraining Order/Injunction
[ ] Class Action                             [ ] Post-judgment          [ ] Turnover

## 4. Indicate damages sought (do not select if it is a family law case):

[ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
[ ] Less than $100,000 and non-monetary relief
[ ] Over $100,000 but not more than $200,000
[ ] Over $200,000 but not more than $1,000,000
[X] Over $1,000,000

Rev 2/13

```
                        CAUSE NO. 202022898

                        RECEIPT NO. 899305                          75.00      CTM
                                **********                          TR # 73742231
```

PLAINTIFF: THE CHURCH TRIUMPHANT OF PASADENA INC/THE PENTECOS   In The    80th
    vs.                                                          Judicial District Court
DEFENDANT: ARCH INSURANCE COMPANY                                of Harris County, Texas
                                                                 80TH DISTRICT COURT
                                                                 Houston, TX

                              CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris


TO: ARCH INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT
    CORPORATION SERVICE COMPANY

    211 EAST 7TH STREET SUITE 620  AUSTIN TX  78701 - 3218

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 13th day of April, 2020, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 13th day of April, 2020, under my hand and
seal of said Court.

Issued at request of:                        MARILYN BURGESS, District Clerk
PEARSON, MATTHEW R.                          Harris County, Texas
425 SOLEDAD, SUITE 600                       201 Caroline, Houston, Texas 77002
SAN ANTONIO, TX 78205                        (P.O. Box 4651, Houston, Texas 77210)
Tel: (210) 472-1111
Bar No.: 788173                              Generated By: MATTHEWS, CHRISTOPHER  Z8Y//11478264

                           CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____              _____
                                             ADDRESS

_____              Service was executed in accordance with Rule 106
(a) ADDRESSEE                                   (2) TRCP, upon the Defendant as evidenced by the
                                                return receipt incorporated herein and attached
                                                hereto at

                                             on _____ day of _____, _____
                                             by U.S. Postal delivery to _____

                                             This citation was not executed for the following
                                             reason: _____

                                             MARILYN BURGESS, District Clerk
                                             Harris County, TEXAS

                                             By _____, Deputy

                                                    RECORDER'S MEMORANDUM
                                                 This instrument is of poor quality
                                                      at the time of imaging

N.INT.CITM.P                          *73742231*

*Unofficial Copy Office of Marilyn Burgess District Clerk*

```
                    CAUSE NO. 202022898

              RECEIPT NO.  899305              75.00      CTM
                 **********                  TR # 73742231
```

PLAINTIFF: THE CHURCH TRIUMPHANT OF PASADENA INC/THE PENTECOS
           vs.
DEFENDANT: ARCH INSURANCE COMPANY

In The   80th
Judicial District Court
of Harris County, Texas
80TH DISTRICT COURT
Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: ARCH INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT
    CORPORATION SERVICE COMPANY

    211 EAST 7TH STREET SUITE 620  AUSTIN TX 78701 - 3218

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 13th day of April, 2020, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 13th day of April, 2020, under my hand and seal of said Court.



Issued at request of:
PEARSON, MATTHEW R.
425 SOLEDAD, SUITE 600
SAN ANTONIO, TX 78205
Tel: (210) 472-1111
Bar No.: 788173

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: MATTHEWS, CHRISTOPHER   Z8Y//11478264

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of PLAINTIFF'S ORIGINAL PETITION to the following addressee at address:

_____
_____
(a) ADDRESSEE

ADDRESS

Service was executed in accordance with Rule 106 (2) TRCP, upon the Defendant as evidenced by the return receipt incorporated herein and attached hereto at

on _____ day of _____, _____
by U.S. Postal delivery to _____

This citation was not executed for the following reason: _____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

N.INT.CITM.P                                *73742231*

2020-22898



4-14-2020

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging