**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| THE CHURCH TRIUMPHANT OF PASADENA, INC/THE PENTECOSTALS OF PASADENA/THE UNITED PENTECOSTAL CHURCH OF PASADENA, INC, | § § § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:20-cv-01638 |
| v. | § § | |
| ARCH INSURANCE COMPANY, | § § | |
| Defendant. | § | |

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT ARCH INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL, AND IN THE ALTERNATIVE, PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff The Church Triumphant of Pasadena, Inc/The Pentecostals of Pasadena/The United Pentecostal Church of Pasadena, Inc. ("The Church Triumphant" or "Plaintiff") files this Motion to Strike Defendant Arch Insurance Company's Reply in Support of Motion for Partial Dismissal (Doc. 13) and in the alternative, Plaintiff's Motion for Leave to File a Sur-Reply. In support thereof, Plaintiff respectfully shows the Court as follows:

### I. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

At issue in this lawsuit is a dispute about benefits owed under Plaintiff's commercial property insurance policy issued by Arch Insurance Company ("Arch" or "Defendant"). On April 13, 2020, Plaintiff filed an original petition in state court alleging breach of contract, violations of the Texas Insurance Code, and common law bad faith. Defendant removed this case

to federal court on May 11, 2020 and filed both its Original Answer and a Motion for Partial Dismissal on May 18, 2020. (Docs. 1, 5). On June 5, 2020, Plaintiff timely filed its First Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (Doc. 7).  Before the Court ruled on Defendant's initial Motion for Partial Dismissal (Doc. 5), Defendant filed a second Motion for Partial Dismissal on June 19, 2020 (Doc. 9).[1] Plaintiff timely filed its Response on July 10, 2020. (Doc. 12).  Defendant filed its Reply in Support of its Motion for Partial Dismissal on July 17, 2020. (Doc. 13).  Plaintiff now moves the Court to strike Defendant's Reply as it was not timely filed pursuant to Judge Gilmore's Procedures (4)(H), *revised Sept. 2016,* as published as of July 22, 2020 at https://www.txs.uscourts.gov/sites/txs/files/vdg.pdf.

## II.  ISSUES TO BE RULED UPON AND LEGAL STANDARDS

Plaintiff moves the Court to strike Defendant's Reply (Doc. 13) as it was not timely filed. Pursuant to Judge Gilmore's Procedures (4)(H), "[a]ny reply to a response shall be limited to 10 pages and **filed within five (5) days** after the response to the motion is filed.  Defendant filed its Reply on July 17, 2020, **seven days** after Plaintiff filed its response on July 10, 2020.  Local Rule LR7.4 provides a deadline for filing a reply "[u]nless otherwise directed by the presiding judge. . . "  A judge may regulate practice in any manner consistent with federal law. Fed. R. Civ. P. 83(b).

In the alternative, Plaintiff moves for leave to file a Sur-reply in order to address Defendant's assertion of the incorrect standard for analysis of a Rule 12(b)(6) motion to dismiss a claim for Common Law Bad Faith, raised for the first time in its Reply.

---

[1] Within its present Motion for Partial Dismissal, Defendant concedes that Arch's Motion for Partial Dismissal filed on May 18, 2020 (Doc. 5) is now moot.  (Doc. 9, at 3, fn11)

## III. ARGUMENTS & AUTHORITIES

### A. Defendant's Reply in Support of Motion for Partial Dismissal was untimely filed.

Pursuant to Judge Gilmore's Procedures (4)(H), "[a]ny reply to a response shall be limited to 10 pages and **filed within five (5) days** after the response to the motion is filed. Plaintiff filed its response on July 10, 2020, and therefore, Defendant's Reply should have been filed no later than July 15, 2020. However, Defendant failed to follow Judge Gilmore's Procedures (4)(H) when filing its reply untimely on July 17, 2020. (Doc. 13). Local Rule LR7.4 provides a deadline for filing a reply "[u]nless otherwise directed by the presiding judge. . . " This Court has authority to strike a motion not timely filed pursuant to its Local Rules and judges' rules. A judge may regulate practice in any manner consistent with federal law. Fed. R. Civ. P. 83(b). Here, the Court's rules and the judge's requirements are published on the Court's website, giving parties proper notice. Since Defendant's Reply was filed late, it should be struck.

### B. In the Alternative, Plaintiff moves for leave to file a Sur-Reply.

Defendant's Reply conflates the standard for granting a 12(b)(6) motion with the standard for granting a motion for summary judgment. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must simply plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, Defendant's Reply asks the Court to dismiss Plaintiff's causes of action for Common Law Bad Faith, alleging that Plaintiff "cannot establish that Arch had *no reasonable basis* to partially deny its claim." (Doc. 13, at 1). Defendant also argues that "Plaintiff cannot establish

that Arch did not have *any reasonable basis* to partially deny Plaintiff's claim." However, Rule 12(b)(6) does not require that Plaintiff *prove* its claims within the complaint, such would be illogical, as this case is in its infancy and discovery has just begun.

Plaintiff respectfully requests leave to file a sur-reply to address and brief the proper standard for analysis of a Rule 12(b)(6) motion to dismiss a Common Law Bad Faith cause of action.

### IV. CONCLUSION AND PRAYER

Plaintiff has met its burden to demonstrate that Defendant's Reply in Support of Motion for Partial Dismissal should be denied. In the alternative, Plaintiff is entitled to leave to file a sur-reply to address Defendant's assertion of the incorrect standard for analysis of a Rule 12(b)(6) motion to dismiss, raised for the first time in its Reply.

WHEREFORE, PREMISES CONSIDERED, based on the foregoing, Plaintiff The Church Triumphant respectfully requests that the Court strike Defendant Arch Insurance Company's Reply in Support of Motion for Partial Dismissal. In the alternative, Plaintiff respectfully moves the court for leave to file a Sur-reply Opposing Defendant's Motion for Partial Dismissal.

Respectfully submitted,

/s/ *Carrie D. Holloway*
MATTHEW R. PEARSON
State Bar No. 00788173
Southern District No. 17080
mpearson@pearsonlegalpc.com
CARRIE D. HOLLOWAY
State Bar No. 24028270
Southern District No. 27951
cholloway@pearsonlegalpc.com
PEARSON LEGAL PC
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 732-7766
Facsimile: (210) 229-9277
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on July 22, 2020, a true and correct copy of the foregoing was forwarded to all other counsel of record, as listed below, through the electronic case filing system of the United States District Court for the Southern District of Texas:

Kristin C. Cummings
Han N. "Hanna" Kim
ZELLE LLP
901 Main Street, Suite 4000
Dallas, TX 75202-3975
kcummings@zelle.com
hkim@zelle.com
***Counsel for Defendant, Arch Insurance Company***

/s/ *Carrie D. Holloway*
CARRIE D. HOLLOWAY