Case 4:20-cv-01638   Document 24   Filed on 11/04/20 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
November 04, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE CHURCH TRIUMPHANT OF PASADENA, INC./ § <br> THE PENTECOSTALS OF PASADENA/THE UNITED § <br> PENTECOSTAL CHURCH OF PASADENA, INC., § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> ARCH INSURANCE COMPANY, § <br> *Defendant*. § | CIVIL ACTION NO. 4:20-CV-1638 |

## MEMORANDUM AND RECOMMENDATION

This insurance coverage dispute arising from damages allegedly caused by Hurricane Harvey is before the Court on Defendant Arch Insurance Company's Motion for Partial Dismissal of Plaintiff's First Amended Complaint.[1] ECF 9. Having considered the parties' submissions and the law, the Court recommends that the motion be denied.[2]

### I.  Background

Plaintiff initiated this case by filing an Original Petition in Texas state court on April 13, 2020. Arch removed the case to this federal court on the basis of diversity jurisdiction. ECF 1. Arch filed a Motion for Partial Dismissal (ECF 4), after which Plaintiff filed a First Amended Complaint (ECF 7). The First Amended Complaint alleges that Plaintiff owns property located at 1030 Strawberry Road, Pasadena, Texas 77506 (Property), that it purchased insurance policy No.

---

[1] The District Court referred this case to the Magistrate Judge for pretrial management. Dkt. 20.

[2] Arch concedes that its first Motion for Partial Dismissal, ECF 4, which was filed prior to Plaintiff's First Amended Complaint, is moot. *Id.* at 3 n.11. Therefore, Arch's first Motion for Partial Dismissal, ECF 4, is denied as moot. In addition, Plaintiff has filed a Motion to Strike Defendant Arch Insurance Company's Reply in Support of Motion for Partial Dismissal, and in the Alternative, Plaintiff's Motion for Leave to File a Sur-Reply, arguing that the reply was untimely and misstates Rule 12(b)(6) standards. ECF 14. In light of the Court's recommendation that Arch's partial motion to dismiss be denied, there is no need to strike the reply or to allow a sur-reply. Plaintiff's motion to strike or for leave is denied as moot.

NRPKG0004201 (Policy) issued by Defendant Arch, and that the Policy covers the Property. In 2017, during Hurricane Harvey, the Property allegedly suffered severe hail, wind, and water damage that is covered under the Policy. Plaintiff submitted a timely claim but contends Arch conducted a sham investigation and concluded the damage was caused by poor maintenance and/or wear and tear, not Hurricane Harvey. Plaintiff alleges Arch underpaid the claim by approximately $1,069,827.29 and has refused to offer a fair settlement and to timely pay Plaintiff's claim. As a result, Plaintiff has incurred costs for hiring a Public Adjuster and conducting an independent investigation and inspection.

Plaintiff seeks a declaratory judgment that the damage is covered by the Policy and asserts causes of action against Arch for breach of contract, knowing violations of the Texas Insurance Code, and common law bad faith. Arch has filed a Motion for Partial Dismissal of Plaintiff's First Amended Complaint, seeking dismissal of Plaintiff's common law bad faith claims. ECF 9.

**II.     Rule 12(b)(6) Standards**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).

In addition, many district courts within the Fifth Circuit have held that claims alleging misrepresentations or fraud in violation of the Texas Insurance Code or the Deceptive Trade Practices Act must meet the pleading requirements of Federal Rule of Civil Procedure 9(b). *See, e,g., Howley v. Bankers Standard Ins. Co.,* No. 3:19-CV-2477-L, 2020 WL 4731968, at *4 (N.D. Tex. Aug. 14, 2020) ("Claims under the DTPA are subject to the heightened pleading requirements of Rule 9(b)."); *Aviles v. Allstate Fire & Cas., Ins. Co.*, No. 5:19-CV-00023, 2019 WL 3253077, at *2 (S.D. Tex. July 9, 2019), report and recommendation adopted, No. 5:19-CV-23, 2019 WL 3412433 (S.D. Tex. July 29, 2019). In contrast, alleged violations of the Insurance Code for failure to investigate a claim need only meet the notice pleading requirements of Rule 8(a). *Aviles*, 2019 WL 3253077, at *2.

**III.   Analysis**

"[A]n insurer breaches its duty of good faith and fair dealing by denying a claim when the insurer's liability has become reasonably clear." *Universe Life Insurance Company v. Giles,* 950 S.W.2d 48, 56 (Tex.1997). A Plaintiff must show more than a bona fide coverage dispute to succeed on a bad faith claim. *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998). "Insurance carriers maintain the right to deny questionable claims without being subject to

liability for an erroneous denial of a claim." *St. Paul Lloyd's Ins. Co. v. Fong Chun Huang*, 808 S.W.2d 524, 526 (Tex. Civ. App.–Houston [14th Dist.] 1991, writ denied). The existence of a bona fide coverage dispute fails to support a bad faith claim, "[b]ut an insurer cannot insulate itself from bad faith liability by investigating a claim in a manner calculated to construct a pretextual basis for denial." *Universe Life Insurance Company v. Giles,* 950 S.W.2d at 56.

Arch contends that Plaintiff's allegations allege only a "bona fide coverage dispute, which . . . does not, standing alone, show bad faith." ECF 9 at 5 (citing *Flores Cazares v. Allstate Vehicle and Prop. Ins. Co.*, No. 7:18-cv-136, 2019 WL 1327452, at *6 (S.D. Tex. Mar 25, 2019)). Although Plaintiff clearly contends Arch "performed a rudimentary and inadequate inspection of [the] property," (ECF 7 ¶ 12), Defendant argues that Plaintiff's non-conclusory, specific factual allegations affirmatively show that "Arch diligently investigated the claim by retaining an independent engineer and that Arch's representatives inspected the Property 'on at least 4 occasions.'" ECF 9 at 5. However, Plaintiff has alleged the following:

> The adjuster assigned to the claim performed a rudimentary and inadequate inspection of Plaintiff's property. On information and belief, while the adjuster was on the roof of the main building, he did not take measurements or walk the entire roof. Even when shown areas where the main building roof leaked, the adjuster did not physically examine those areas but merely took a few photographs.
>
> Instead of hiring Rimkus Consulting Group, Inc. ("Rimkus") to do an independent analysis of Plaintiff's loss, Defendant hired Rimkus to rubber stamp its basis for denial of the claim and to convince Plaintiff that their damages were caused by poor maintenance and/or wear and tear and not Hurricane Harvey, even though Defendant reasonably should have known they were. Defendant knew Rimkus would provide reports based on inadequate information which Defendant could use as a pretext for underpaying Plaintiff's claim, and knew that the substandard investigations Rimkus would perform and *did* perform were not reasonable. By way of example, the biased investigations conducted by Rimkus consisted of a visual-only assessments of the property damage and did not include any testing such as moisture scanning or infrared imaging. On information and belief, the first Rimkus inspection of the interior and the exterior of both the main church building and the stand-alone barn lasted less than an hour.

ECF 7 ¶ 12-13. Plaintiff alleges that the adjuster's report and the Rimkus report were not objectively reasonable because they were performed too quickly and without taking measurements or pictures or doing any testing, and that Arch knew it. These allegations, taken as true, sufficiently allege a bad faith claim based on an alleged sham inspection of the property. For example, Plaintiff has alleged facts which, if true, would establish:

> the adjusters' reports were not objectively prepared; that Defendant was aware of a lack of objectivity in reaching the report's findings; that Defendant unreasonably relied on representatives' estimates founded on unreasonable bases; or that Defendant's representatives implemented unreasonable procedures or pretextual beliefs in reaching their conclusions resulting in denial of Plaintiff's claim.

*Flores Cazares v. Allstate Vehicle & Prop. Ins. Co.,* No. 7:18-CV-136, 2019 WL 1327452, at *6 (S.D. Tex. Mar. 25, 2019) (noting the absence of summary judgment evidence to establish these factors and finding the record demonstrated only a bona fide coverage dispute). The Court concludes that as a matter of pleading, Plaintiff has stated a plausible claim for bad faith.

## IV. Conclusion, Recommendation, and Order

For the reasons discussed above, the Court RECOMMENDS that Arch's Motion for Partial Dismissal of Plaintiff's First Amended Complaint, ECF 9, be DENIED. The Court further ORDERS that Defendant's initial motion for partial dismissal, ECF 4, and motion to strike, ECF 14, are DENIED as MOOT.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

5

Signed on November 04, 2020, at Houston, Texas.

                                              Christina A. Bryan
                                      United States Magistrate Judge